## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| MONIKA GRAY-EL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-CV-00158 SNLJ |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

Before the Court is self-represented plaintiff Monika Gray-El's motion for leave to proceed in forma pauperis in this civil action. [ECF No. 2]. Having reviewed the motion and the financial information submitted in support, the Court finds it should be granted. *See* 28 U.S.C. § 1915(a)(1). For the reasons discussed below, the Court will direct plaintiff to submit an amended complaint on the Court's Civil Complaint form. Plaintiff will have twenty-one (21) days to do so. Plaintiff's requests for emergency injunctive relief and for a preliminary injunction will be denied at this time. *See* ECF Nos. 3 and 4.

### Legal Standard on Initial Review

This Court is required to review a complaint filed in forma pauperis to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). *See also Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (courts must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.").

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even complaints filed by self-represented persons must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, and are not required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Self-represented plaintiff Monika Gray-El filed this civil action on August 19, 2024, against the United States of America and the State of Missouri. [ECF No. 1]. Plaintiff sues defendants pursuant to 42 U.S.C. § 1983.

Plaintiff's complaint is titled, "Petition to Challenge the Constitutionality of Federal and State Statutes." However, she has not clearly indicated what state or federal statutes she is seeking to attack. Moreover, she has not indicated in her typewritten complaint how she was allegedly harmed by the purported state and federal statutes she seeks to have declared unconstitutional, nor has she designated the relief she seeks in this matter.

**Discussion**

Having thoroughly reviewed and liberally construed plaintiff's complaint, the Court concludes it is not in compliance with the Federal Rules of Civil Procedure and Local Rules of this Court. However, in consideration of plaintiff's self-represented status, the Court will allow her to file an amended complaint.

First, the complaint is defective because it has not been drafted on a Court form. *See* E.D. Mo. Local Rule 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). Second, plaintiff's complaint as currently drafted fails to comply with the Federal Rules of Civil Procedure because it does not provide a short and plain statement of factual allegations supporting her claims against each named defendant.

To state a claim for § 1983 liability, a plaintiff must allege facts connecting the named defendants to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019). Even self-represented plaintiffs are required to set out not only their alleged claims in a simple, concise, and direct manner, but also the facts in support of such claims. *See McNeil v. United States*, 508

U.S. 106, 113 (1993). Here, plaintiff has not done so. While this Court must liberally construe self-represented filings, this Court will not construct claims or assume facts that plaintiff has not alleged. *See Stone v. Harry,* 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the pro se plaintiff that assumed facts that had not been pleaded). Plaintiff's "kitchen-sink" approach to her complaint is in direct contravention to Federal Rules of Civil Procedure 8 and 10 and will not be countenanced by this Court.

## Instructions for Filing an Amended Complaint

In consideration of plaintiff's self-represented status, the Court will give her the opportunity to submit an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005).

**Plaintiff must submit the amended complaint on a Court-provided form, and the amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.** Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 10 requires plaintiff to state her claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent she knows it, of each defendant she wishes to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff should also indicate whether she intends to sue each defendant in his or her individual capacity, official capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

4

**In the "Statement of Claim" section, plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, plaintiff should: (1) set forth the factual allegations supporting his claim against that defendant; (2) state what constitutional or federal statutory right(s) that defendant violated; and (3) state whether the defendant is being sued in his/her individual capacity or official capacity.** If plaintiff is suing more than one defendant, she should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting her claim or claims against that defendant. No introductory or conclusory paragraphs are necessary.

If plaintiff is suing more than one defendant, she should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants belong in different suits. In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Alternatively, plaintiff may choose a single defendant and set forth as many claims as she has against that defendant. *See* Fed. R. Civ. P. 18(a).

Plaintiff should avoid naming anyone as a defendant unless that person is directly related to her claim(s). **Plaintiff's failure to make specific and actionable allegations against any defendant will result in that defendant's dismissal from this case.** "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). The Court

emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Plaintiff must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

Plaintiff must not amend a complaint by filing separate documents. Instead, she must file a single, comprehensive pleading that sets forth her claims for relief. If plaintiff fails to file an amended complaint on a Court-provided form within thirty (30) days in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to plaintiff.

Last, the Court will decline to grant plaintiff's request for expedited emergency relief or for preliminary injunction. *See* ECF Nos. 3 and 4. As noted above, plaintiff has not indicated exactly which state and federal laws she is seeking to invalidate or on what bases. Although it appears she is seeking to "invalidate criminal proceedings" being brought against her, she has not indicated any grounds in her motions for doing so, either in the complaint or in her requests for injunctive relief.

The standards applicable to a restraining order are "a flexible consideration of (1) the threat of irreparable harm to the moving party; (2) balancing this harm with any injury an injunction would inflict on other interested parties; (3) the probability that the moving party would succeed on the merits; and (4) the effect on the public interest." *St. Louis Effort for AIDS v. Huff*, 782 F.3d 1016, 1021 (8th Cir. 2015). *See also Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). "None of these factors by itself is determinative; rather, in each case the four

factors must be balanced to determine whether they tilt toward or away from granting a preliminary injunction." *West Pub. Co. v. Mead Data Cent., Inc*, 799 F.2d 1219, 1222 (8th Cir. 1986).

Plaintiff's lack of legal assertions in her complaint is fatal to her requests for a restraining order. Additionally, her conclusory legal conclusions in her motions for emergency injunctive relief are the type of allegations that the Supreme Court has found deficient, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and that this Court will not presume true. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level"). As such, plaintiff's requests for injunctive relief must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's form Non-Prisoner Civil Complaint.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must file an amended complaint in accordance with the instructions herein.

**IT IS FURTHER ORDERED** that plaintiff's motions for expedited emergency relief and/or preliminary injunctive relief [ECF Nos. 3 and 4] are **DENIED AT THIS TIME**.

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this **16th** day of September, 2024.

_____
STEPHEN N. LIMBAUGH, JR
SENIOR UNITED STATES DISTRICT JUDGE