**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| MONIKA GRAY-EL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-CV-00158 SNLJ |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM AND ORDER</u>**

Before the Court are plaintiff's motion for joinder of additional plaintiffs, as well as a "Motion for Estoppel by Acquiescence/Adequate Review According to Law." The Court will deny plaintiff's motions for the reasons set forth below.

Self-represented plaintiff Monika Gray-El filed this civil action on August 19, 2024, against the United States of America and the State of Missouri. [ECF No. 1]. Plaintiff presumably sues defendants pursuant to 42 U.S.C. § 1983. However, she failed to designate such in her initial complaint. Rather, her complaint is titled, "Petition to Challenge the Constitutionality of Federal and State Statutes." Because plaintiff failed to clearly indicate what state or federal statutes she was seeking to attack in her initial complaint, and her pro se complaint was not filed on a Court-provided form, the Court, on September 16, 2024, ordered plaintiff to file an amended complaint on a Court-form. Plaintiff was given thirty (30) days to do so. The Court noted in the Order requiring plaintiff to file an amended complaint that plaintiff had failed to set forth how she had allegedly been harmed by the purported state and federal statutes she sought to have declared unconstitutional. Additionally, she failed to designate the relief she sought in this matter.

Although plaintiff acknowledges receipt of the Court's Order requiring amendment of the complaint, she has now filed two motions instead of the required amended complaint: (1) a motion to join her children as plaintiffs in this action; and (2) a "Motion for Estoppel by Acquiescence/Adequate Review According to Law." The Court will first address plaintiff's motion to join her children as plaintiffs.

Ms. Gray-El does not indicate in her motion to join, whether her children, whom she refers to by their full names, are minors.[1] A non-attorney may not represent someone else in federal court. *See* 28 U.S.C. § 1654 (stating that in all United States courts, "the parties may plead and conduct their own cases personally or by counsel"); *Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (stating that a person who is not licensed to practice law may not represent another individual in federal court). Not even a non-attorney parent can litigate pro se on behalf of their minor child, even if the minor cannot bring the claim themselves. *See Crozier for A.C. v. Westside Community School District*, 973 F.3d 882, 887 (8th Cir. 2020). Civil actions by minors and incompetent persons may be commenced and prosecuted only by a duly appointed guardian or, if there is no such guardian, by a next friend appointed by the Court in the civil action. *See* Fed. R. Civ. P. 17(c)(2). For these reasons, the Court cannot grant the motion to intervene. If plaintiff's children *are not minors, and they have their own related interests in this action*, they may file their own motions to intervene in the action pursuant to Federal Rule of Civil Procedure 24.[2] **Plaintiff may not file a motion on their behalf as she is proceeding pro se and cannot represent them**.

---

[1] Local Rule 2.17(A)(2) requires redaction of personal identifiers for names of minor children. Only the initials of minor children may be listed in a court filing.

[2] The new motions to intervene must designate by declaration that the litigants are not minors. Additionally, the motions must state what interests the litigants have in moving to intervene such that the Court can decide whether to grant or deny the motions.

2

The Court now turns to plaintiff's "Motion for Estoppel by Acquiescence/Adequate Review According to Law." In her motion plaintiff states that she is attempting to "esstop [sic] judicial misconduct and grant Plaintiffs['] relief by acquiescence as the Attorney General failed to answer." Plaintiff then asserts:

> This Court's memorandum [requiring her to amend her complaint] is consecutively proving to be a part of the conspiracy stated in the affidavit to seek relief to the emergency motions and this motion as titled; I pray the judiciary's impartialty [sic] and integrity is redeemed through this motion, as I have exhausted all judicial remedies for redress of grievances to no avail;

Ms. Gray-El spends three pages of her motion reciting judicial canons, federal statutes, state case law and court rules out of context in an attempt to "prove" that she is entitled to immediate judicial review of her original complaint, which this Court has already deemed insufficient. None of the aforementioned provide grounds for a motion in this Court, and her "Motion for Estoppel by Acquiescence/Adequate Review According to Law" will be denied.

What plaintiff has failed to recognize is that she is proceeding as a pauper in this action, or without payment of the filing fee, pursuant to 28 U.S.C. § 1915. Therefore, this Court is mandated to review her pleading *before service of the complaint* on defendants for frivolousness, maliciousness and for failure to state a claim. As part of this review, the Court has the authority to tell plaintiff to amend her pleading to comply with both the Federal Rules and this Court's Local Rules. And plaintiff's initial complaint failed to comply with both, as set forth in detail in this Court's prior Order.

Plaintiff is instructed to review the September 16, 2024 Memorandum and Order requiring her to amend her complaint on a Court-form. In that Memorandum and Order, the Court reviewed the nuances of 28 U.S.C. § 1915(e), as well as when summary dismissal under the statute is appropriate. The Court also set forth the legal standard of initial review under § 1915 for

3

frivolousness, maliciousness and for failure to state a claim. Plaintiff is reminded that her amended complaint will undergo this review once it is submitted to the Court. Although plaintiff is a pro se litigant, she is expected to abide by the Federal Rules and this Court's Local Rules, and she should review the instructions for filing an amended complaint that this Court took pains to articulate in the September 16, 2024 Memorandum and Order. Her failure to abide by these Rules, as well as the Court Order, will result in a dismissal of this action, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to intervene [ECF No. 7] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's "Motion for Estoppel by Acquiescence/Adequate Review According to Law" [ECF No. 6] is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal from this Order would not be taken in good faith.

Dated this _30th_ day of September, 2024.

_____
STEPHEN N. LIMBAUGH, JR
SENIOR UNITED STATES DISTRICT JUDGE